UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY S. DAUBERT,<br><br>        Plaintiff,<br><br>  v.<br><br>A-1 Tours and Travel,<br><br>        Defendant. | 1:06-cv-00612-OWW-SMS<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (DOC. 2)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A FIRST AMENDED COMPLAINT, OR, IN THE ALTERNATIVE, A STATEMENT OF INTENTION TO PROCEED ON THE ORIGINAL COMPLAINT, NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER |

    Plaintiff is proceeding pro se with an action for damages concerning alleged violations of the Americans with Disabilities Act. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

    I. Application to Proceed in Forma Pauperis

    Plaintiff has submitted a declaration and attachments that make the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis IS GRANTED. 28 U.S.C. § 1915(a).

1

II. <u>Screening the Complaint</u>

   A. <u>General Standard</u>

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent.</u>

2

1  Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990); Lewis v.
2  ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).
3      In reviewing a complaint under this standard, the Court must
4  accept as true the allegations of the complaint in question,
5  Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740
6  (1976), construe the pro se pleadings liberally in the light most
7  favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447
8  (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor,
9  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
10     If the Court determines that the complaint fails to state a
11 claim, leave to amend should be granted to the extent that the
12 deficiencies of the complaint can be cured by amendment. Lopez v.
13 Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A
14 complaint, or a portion thereof, should only be dismissed for
15 failure to state a claim upon which relief may be granted if it
16 appears beyond doubt that the Plaintiff can prove no set of
17 facts, consistent with the allegations, in support of the claim
18 or claims that would entitle him to relief. See Hishon v. King &
19 Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355
20 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log
21 Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981).
22 Dismissal of a pro se complaint for failure to state a claim is
23 proper only where it is obvious that the Plaintiff cannot prevail
24 on the facts that he has alleged and that an opportunity to amend
25 would be futile. Lopez v. Smith, 203 F.3d at 1128.
26     A claim is frivolous if it lacks an arguable basis either in
27 law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A
28 frivolous claim is based on an inarguable legal conclusion or a

3

fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### B. Plaintiff's Complaint

Liberally read, Plaintiff's complaint, filed on May 18, 2006, alleges that Defendant A-1 Tours and Travel discriminated against Plaintiff, who is disabled because he is unable to walk or climb stairs, in March and May 2006 when Defendant told Plaintiff that he could only go on tours they offered if Plaintiff could walk up the stairs into the chartered buses; Defendant's tour buses are not accessible to the handicapped, and Defendant has failed to provide handicapped accessible buses for

4

the disabled for many years and specifically since 2002, when handicapped accessible buses became required. Defendant informed Plaintiff that because he could not walk up the stairs to the buses, he could go to Orange Belt or Greyhound to get where he wanted to go. The specific tours, destinations, or routes in issue are not identified; further, it is not clear whether Defendant offered to the public buses to Plaintiff's desired destinations. Plaintiff alleges that this conduct violated the Americans with Disabilities Act (ADA). Plaintiff seeks 1) to have the Court require that Defendant change its policies towards the disabled and offer handicapped buses for the disabled on the tours they offer; and 2) damages.

To the extent that Plaintiff seeks damages for a violation under Title III of the ADA, Plaintiff's complaint fails to state a claim because damages are not recoverable under Title III of the ADA; rather, only injunctive relief is available for violations of Title III. 42 U.S.C. § 12188(a)(1) (providing that remedies under Title III are the same as those outlined in 42 U.S.C. § 2000a-3(A), which do not permit recovery of monetary damages); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002).

With respect to a claim for injunctive relief under Title III of the ADA regarding a private company's conduct, 42 U.S.C. § 12182(a) provides that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of services. Discrimination includes application of eligibility criteria that screen out or tend to screen out a person with a disability from fully and equally enjoying any goods or services unless necessary for provision of the services,

5

1  failure to make reasonable modifications in practices if
2  necessary to afford services to persons with disabilities unless
3  the changes would fundamentally alter the nature of the service
4  or would result in an undue burden, failure to ensure no
5  exclusion of a disabled person because of the absence of
6  auxiliary aids and services unless it would fundamentally alter
7  the nature of the service, and failure to remove or by other
8  means overcome transportation barriers in existing vehicles used
9  to transport individuals (except retrofitting vehicles by
10 installing hydraulic or other lifts) where removal is readily
11 achievable. § 12182(b)(2)(A)(i)-(v).
12      It is not clear whether the tours in question are fixed
13 route systems or demand responsive systems; however, it appears
14 that Plaintiff sought tours offered on an over-the-road bus,
15 defined as a bus characterized by an elevated passenger deck
16 located over a baggage compartment. See, § 12181(5). Section
17 12182(b)(2)(D) expressly states that discrimination includes the
18 purchase or lease of an over-the-road bus which does not comply
19 with the regulations issued under section 12186(a)(2) of the
20 title by a private entity which provides transportation of
21 individuals and which is not primarily engaged in the business of
22 transporting people. Further, § 12184(a) prohibits discrimination
23 against an individual on the basis of disability in the full and
24 equal enjoyment of specified public transportation services
25 provided by a private entity that is primarily engaged in the
26 business of transporting people and whose operations affect
27 commerce. Specific public transportation includes transportation
28 by bus that provides the general public with general or special

6

service (including charter service) on a regular and continuing basis. 42 U.S.C. § 12181(10). Discrimination under § 12184 includes application of discriminatory eligibility criteria; failure to make reasonable modifications, provide auxiliary aids and services, or remove barriers; and the purchase or lease of an over-the-road bus which does not comply with the regulations issued under § 12186(a)(2).

Title III of the ADA does not require a plaintiff to prove that discrimination was intentional or that the disability motivated the defendant's actions; it is enough that a defendant failed to make reasonable accommodations or simply engaged in disparate treatment. The plaintiff must show that he or she is an individual with a disability and that because of the disability the person was denied participation in or the benefit of a service provided by the entity. Lentini v. California Center for the Arts, 370 F.3d 837, 846-47 (9th Cir. 2004); Dunlap v. Association of Bay Area Governments, 996 F.Supp. 962, 965 (N.D.Cal. 1998). In order to comply with Fed. R. Civ. P. 8, Plaintiff need not allege all the elements of a prima facie case of discrimination in order to survive a motion to dismiss; rather, the complaint must only be a short and plain statement of the claim that shows that the pleader is entitled to relief and that gives fair notice to the defendant of what the plaintiff's claim is and the grounds upon which it rests. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-12 (2002).

Here, Plaintiff has alleged that he is unable to walk, which appears to be a disability with respect to the major life activity of walking; because of his disability, he was

7

discriminated against in the form of denial of participation in the bus tour service, which appears to be special transportation services within the meaning of the statute.

Plaintiff's two attempts to obtain transportation services are sufficient to confer standing on Plaintiff to seek injunctive relief; being deterred from attempting to gain access shows a concrete, particularized, actual injury. <u>Pickern v. Holiday Quality Foods Inc.</u>, 293 F.3d 1133, 1138 (9th Cir. 2002). Further, a threat of harm in the future because of existing or imminently threatened noncompliance with the ADA suffices for a threat of imminent injury. <u>Id.</u>  Here, it may be inferred that Plaintiff seeks to patronize the Defendant's business but cannot, and the noncompliance continues to exist.

### III. <u>Amendment of the Complaint or Proceeding upon the One Stated Claim of the Present Complaint</u>

In summary, although the claim for injunctive relief is sufficient under Rule 8 to give Defendant fair notice of the basis of Plaintiff's claim, Plaintiff does not and cannot state a claim for damages under Title III of the ADA. Nevertheless, it is possible that Plaintiff may otherwise state a claim for damages, and Plaintiff will be given an opportunity to state such a claim in an amended complaint.

However, Plaintiff may instead prefer not to file an amended complaint and instead to proceed against the defendant only on the ADA injunctive relief claim. If Plaintiff desires to proceed on this claim instead of amending the complaint, Plaintiff may so indicate by filing a statement of intention to proceed on the ADA injunctive claim in the presently filed complaint instead of

filing a first amended complaint.[1]

Accordingly, the Court concludes that in Plaintiff's original complaint, Plaintiff states one claim for injunctive relief under Title III of the ADA, but Plaintiff does not state a claim for damages. Plaintiff is given leave either to proceed on the original complaint or to file a first amended complaint.

Plaintiff IS DIRECTED to file no later than thirty days after the date of service of this order either

1) A statement of intention to proceed on the original complaint; or

2) A first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file either a statement of intent to proceed on the original complaint, or an amended complaint, in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

Further, Plaintiff IS INFORMED that a complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

---

[1] If Plaintiff files a notice of intention to proceed on the original complaint, the Court will then proceed to issue orders concerning service on the defendants. If instead Plaintiff files a first amended complaint, the Court will proceed to screen the first amended complaint before issuing any order to serve the complaint.

1  Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege
2  with at least some degree of particularity overt acts which the
3  defendants engaged in that support Plaintiff's claim.  Id.
4       In addition, Plaintiff IS INFORMED that the Court cannot
5  refer to a prior pleading in order to make Plaintiff's amended
6  complaint complete. Local Rule 15-220 requires that an amended
7  complaint be complete in itself without reference to any prior
8  pleading. This is because, as a general rule, an amended
9  complaint supersedes the original complaint. See Loux v. Rhay,
10 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended
11 complaint, the original pleading no longer serves any function in
12 the case. Therefore, in an amended complaint, as in an original
13 complaint, each claim and the involvement of each defendant must
14 be sufficiently alleged.
15      Finally, Plaintiff IS INFORMED that a failure to file a
16 statement of intention to proceed on the original complaint or an
17 amended complaint in a timely manner, or to seek an extension of
18 time before the due date, will be considered a failure to comply
19 with an order of the Court and will result in a recommendation
20 that the action be dismissed.
21 IT IS SO ORDERED.

22 **Dated:   June 7, 2006**              **/s/ Sandra M. Snyder**
   icido3                          UNITED STATES MAGISTRATE JUDGE