CENTER FOR DISABILITY ACCESS, LLP
M. ERIC PARKAN, ESQ., SBN 35687
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax: (760) 480-4170

Attorney for Plaintiff, TIMOTHY DAUBERT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DAUBERT,<br><br>Plaintiff,<br><br>v.<br><br>LINDA JO PALERMO, DOING BUSINESS AS A-1 TOURS & TRAVEL, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No.: 1:06-CV-00612-OWW-SMS<br><br>**Civil Rights**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT<br><br>**DEMAND FOR JURY** |

Plaintiff TIMOTHY DAUBERT, (hereinafter referred to as "Plaintiff") complains of LINDA JO PALERMO, DOING BUSINESS AS A-1 TOURS & TRAVEL, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

**1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' failure to provide wheelchair accessible transportation. Plaintiff seeks injunctive relief and damages for

violations of civil rights and for damages flowing from such violations.

**PARTIES:**

**2.** Plaintiff is a California resident with physical disabilities. He is a paraplegic as a result of Post-Polio Syndrome who requires a wheelchair to travel about in public.

**3.** Defendants, LINDA JO PALERMO, DOING BUSINESS AS A-1 TOURS & TRAVEL, and DOES 1 through 100, inclusive (hereinafter alternatively referred to collectively as "Defendants"), are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, and/or alter egos, franchisers and/or franchisees, or in contract with the same, of the A-1 Tours & Travel tour and transportation service.

**4.** Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained.

**PRELIMINARY FACTUAL ALLEGATIONS:**

**5.** Defendants are or were at the time of the incident the owners, operators, and managers or in contract to the same for the A-1 Tours & Travel business, a place of public accommodation. The defendants operate a business which provides bus tours for the public.

**6.** On March 5, 2006, and May 16, 2006, the Plaintiff contacted Defendant by telephone to inquire about taking an advertised tour with his wife. On both occasions, Plaintiff was informed by Defendant or Defendant's employee that he could not take the tour unless he was able to walk up the steps into the bus, as the bus was not

-2-

First Amended Complaint                    Case No: 1:06-CV-00612-OWW-SMS

accessible to individuals with disabilities who require wheelchairs for mobility. Defendant or Defendant's employee told Plaintiff to contact another bus line.

**7.** The defendants' bus/transportation services do not comply with the Americans with Disabilities Act in that the buses that are part of the fixed route system are not wheelchair accessible and cannot be used by the plaintiff. These buses and the bus/transportation system do not comply with the regulatory requirements found at 49 C.F.R., part 37.

**8.** On information and belief, the bus/transportation system continues to be inaccessible and deny equal access to Plaintiff and other persons with physical disabilities.

**9.** As a result of the inaccessible facilities, Plaintiff was humiliated, embarrassed and frustrated, suffering emotional injuries.

**10.** Defendants knew their services were inaccessible and continued to maintain these facilities in an inaccessible condition and in doing so, knowingly continued to violate and interfere with the rights of disabled persons including Plaintiff. Such conduct by defendants is despicable, and was carried on by defendant with a willful and conscious disregard for the rights of disabled persons, including Plaintiff.

**11.** Plaintiff would like to use the Defendants' bus/transportation services but because of Defendants' violations, Plaintiff and other persons with physical disabilities are unable to use said services owned and operated by Defendants on a "full and equal" basis unless they are brought into compliance with the provisions of the Americans with Disabilities Act as pled herein. Plaintiff has, therefore, been deterred from returning and using the Defendants' public accommodations.

**I. FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42 U.S.C. section 12182, et seq.)

**12.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**13.** Defendant is a private entity engaged in the business of transporting people

-3-

and subject to the anti-discrimination provisions of 42 U.S.C. § 12184.

**14.** The defendants offer a fixed-route system for transporting persons. Both the buses and vehicles, and the transportation system offered, however, are not wheelchair accessible and not offered on a full and equal basis to persons with disabilities.

**15.** The defendants have, therefore, violated the Americans with Disabilities Act.

**II.  SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51 et seq.)

**16.** Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

**17.** California Civil Code § 52 provides that a party that discriminates against a plaintiff in violation of Civ. Code § 51 shall be liable for actual damages, up to three times actual damages but not less than $4000 for each such offense, and any attorney's fees and costs incurred by the plaintiff.

**18.** The Defendants fail to provide services and accommodations on a full and equal basis to persons with disabilities in violation of the Unruh Civil Rights Act. Additionally, the defendants have violated the Americans with Disabilities Act, which violation is a per se violation of the Unruh Civil Rights Act.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the ADA and the Unruh Civil Rights Act.

**2.** General and Special damages in an amount to be determined by proof;

**3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to Cal. Civ. Code §§ 52, and Cal. Civ. Proc. § 1021.5;

**4.** For such other and further relief as the court may deem proper.

Dated: August 14, 2006                    CENTER FOR DISABILITY ACCESS, LLP

/s/ MARK D POTTER
By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    MARK D. POTTER
    Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 14, 2006                    CENTER FOR DISABILITY ACCESS, LLP

/s/ MARK D POTTER
By:‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    MARK D. POTTER
    Attorneys for Plaintiff